*Howard I. James* and *George Quinturd Horwitz*, contra, cited: Deemer v. Bells Run R. R. Co., 212 Pa. 491; Bradly v. Potts, 155 Pa. 418; Hale v. Hale, 32 Pa. Superior Ct. 37; Morris v. Rapid Transit Co., 215 Pa. 317.

PER CURIAM:
Quashed at bar.

---

# Fleming's Estate.

*Appeals—Interlocutory order—Demurrer—Overruling demurrer to petition.*

A decree of the orphans' court overruling a demurrer to a petition to reopen and review an account theretofore confirmed, is interlocutory, and from it no appeal lies.

Argued Feb. 26, 1907.　Appeal, No. 281, Jan. T., 1906, by James R. Fleming et al., from decree of O. C. Wayne Co., No. 91, O. C. D. "II" overruling demurrer to petition in Estate of Thomas J. Fleming, deceased.　Appeal quashed.

Petition to reopen and review an account previously confirmed by the court.

The administrator demurred to the petition.

The court entered a decree overruling the demurrer. An answer was then filed.

*Error assigned* was decree overruling the demurrer.

*Leonard J. Reynolds, L. M. Atkinson* and *D. F. Fortney*, for motion to quash.—A long line of decisions in this court holds that an appeal from any interlocutory order or decree of the orphans' court does not lie, such order or decree not being definitive; that when any proceedings are still pending in the orphans' court, where anything remains to be done, the order or decree is interlocutory only and not appealable, and that an appeal cannot be taken until a final disposition of the case and an order in pursuance thereof: Logan v. Jennings, 4

Rawle, 355; Eckfeldt's Appeal, 13 Pa. 171; Snodgrass's Appeal, 96 Pa. 420; Williams's Est., 140 Pa. 187; Jones's Appeal, 99 Pa. 124; Robinson v. Glancy, 69 Pa. 89; Catterson's Appeal, 100 Pa. 9; Palethrop's Est., 160 Pa. 316; Wistar's Appeal, 115 Pa. 241; Gesell's Appeal, 84 Pa. 238; Long's Estate, 168 Pa. 341; Cherry Township v. Sullivan County, 30 Pa. Superior Ct. 502.

*James J. O'Malley, E. C. Mumford* and *M. J. Martin*, contra.—The order appealed from is a final order: Bradly v. Potts, 155 Pa. 418.

PER CURIAM:
Appeal quashed at bar.

---

## Beaver Borough, Appellant, *v.* Beaver Valley Railroad Company.

*Appeals—Assignments of error—Railroads—Equity.*

On an appeal from a decree dismissing a bill in equity filed to restrain a railroad company from constructing a siding in a street, where it appears that it was conceded in the court below that the company had the right to construct its main line in the street, and no assignment of error raises a question to the contrary, the appellate court will not consider an argument against such right.

*Railroads—Use of streets—Right to construct siding.*

A railroad company which has the right to maintain tracks in a street 100 feet wide, may construct a siding from its main tracks, if such siding will not constitute an unreasonable obstruction to public travel.

MITCHELL, C. J., BROWN and MESTREZAT, JJ., dissent.

Argued Oct. 17, 1906. Appeal, No. 181, Oct. T., 1906, by plaintiff, from decree of C. P. Beaver Co., March T., 1906, No. 5, dismissing bill in equity in case of *Beaver Borough v. Beaver Valley Railroad Company.* Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.